UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MESSIAH AZIZ EL,<br><br>   Plaintiff,<br><br>   v.<br><br>THE STATE OF NEW JERSEY, *et al.*,<br><br>   Defendants. | Civ. No. 13-3481<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court upon *pro se* Plaintiff Messiah Aziz El's submission of a civil complaint and an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Based on El's affidavit of indigence, the Court will grant his application. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint to identify cognizable claims. For the reasons stated below, the Court will *sua sponte* dismiss El's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

On February 23, 2012, Kearny police officers arrested El, apparently for driving with a suspended license. Compl. ¶ 6, ECF No. 1. El does not dispute that he was driving with a suspended license. El states that he was "hindered for 89 minutes in this issue and then released with 3 tickets." *Id.* ¶ 6. El further states that he was not Mirandized. *Id.* ¶ 4.

The Complaint in this case mirrors a complaint El filed against the same defendants on March 4, 2013. Complaint, *El v. State of New Jersey* ("*El I*"), No. 13-1431 (D.N.J. Mar. 4, 2013), ECF No. 1. In that earlier complaint, El asserted claims under 18 U.S.C. §§ 241 & 242 ("Sections 241 and 242") for conspiracy to violate his civil rights and for the deprivation of his rights under the color of law. He also appears to have asserted claims under 42 U.S.C. § 1983. First, he argued that his right to travel under the Constitution of the United States was violated when he was ticketed for driving with a suspended license. Second, he claimed that his Fifth Amendment rights were infringed because he was not provided with a *Miranda* warning after he was arrested. Third, he claimed that his Fourth Amendment rights were violated because he was arrested without a warrant. The

1

Court *sua sponte* dismissed El's complaint for failure to state a claim upon which relief can be granted. Order, *El I*, ECF No. 3. As noted earlier, El's instant Complaint is essentially a copy of his March 4, 2013 complaint. El's instant Complaint asserts the same causes of action against the same defendants.

Pursuant to 28 U.S.C. § 1915(e), the Court is required to review a complaint in a civil action where the litigant is proceeding *in forma pauperis*. Specifically, the Court shall *sua sponte* dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Sua sponte* dismissal is appropriate here. First, for the reasons set forth in the Court's opinion in *El I*, El has not stated a claim upon which relief can be granted. In the alternative, El's claims are barred under the doctrine of res judicata, which "protects litigants from the burden of relitigating an identical issue with the same party or his privy." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (internal quotations and citations omitted).

## **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court will also dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

                                  /s/ William J. Martini
                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 10, 2013**